UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
LOFTEX USA LLC,                                               :
                                                              :        11 Civ. 9349 (PAE)
                                        Plaintiff,            :
                                                              :        OPINION & ORDER
                        -v-                                   :
                                                              :
TRIDENT LTD., *f/k/a Abhishek Industries Ltd.*,              :
                                                              :
                                        Defendant.            :
                                                              :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Plaintiff Loftex USA LLC ("Plaintiff" or "Loftex") moves, pursuant to Fed. R. Civ. P.

15(a) and 21, for leave to file an amended complaint naming Trident Group Limited as an

additional defendant.  Finding no undue delay or bad faith on Loftex's part, that no undue

prejudice to the defendant would result from granting such a motion, and that the amendment

would not be futile, the Court grants Loftex's motion.

## I.      Background and Procedural History

        Loftex is a manufacturer of "high quality towels having high absorbency and soft

texture."  Pl. Br. 1.  On December 20, 2011, Loftex filed a Complaint ("Compl.") against Trident

Limited ("Trident"), pursuant to 35 U.S.C. §§ 271 *et seq.*, alleging infringement of its U.S.

Patent No. 7,810,308 ("'308 Patent"), entitled "Method of Producing a Low Twist Towel," of

which Loftex is the owner by assignment.  Dkt. 1.  The Complaint alleges that Trident "directly

or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the '308

Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell,

and/or offer for sale . . . products, including at least Trident's towels, which are made in

accordance with and within the scope of one or more of the claims of the '308 Patent."  Compl.

¶ 10.  Trident, in its answer, Dkt. 6 ("Ans."), has denied infringing "any valid or enforceable

claim" of the '308 Patent, Ans. ¶¶ 10–15; it asserts, among other defenses, that the '308 Patent is

invalid.  *Id.* ¶ 16.  Trident has also counterclaimed against Loftex, claiming that Loftex's '308

Patent is itself invalid and void.  Ans., Counterclaim ¶ 8.

Loftex's motion to add a defendant arises as a result of Trident's Corporate Disclosure

Statement, which stated that Trident Group Limited ("Trident Group" or "TGL"), a public

corporation in India, owns 10% or more of Trident's stock.  Loftex seeks to add Trident Group

as a defendant, alleging that Trident Group "exercises control over the factories that are

responsible for the manufacturing of the infringing towels" and "is responsible for the

importation and sales of those towels in the United States, either directly or through its

ownership in Trident Limited"; thus, Loftex argues, Trident Group, too, is liable for infringement

of Loftex's '308 Patent.  Pl. Br. 1; *see also* Dkt. 20.  Trident opposes the motion.  Dkt. 22.

## II.    Applicable Legal Standard

Federal Rules of Civil Procedure 15 and 21 together supply the legal standard applicable

to a motion to add a party.  Under Rule 15(a)(2), a party that has already used or foregone its one

"matter of course" amendment and does not have the opposing party's consent for a new one

may amend its pleading only with the "court's leave," which the court should "freely give . . .

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has directed courts to

grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

*Santiago v. Pressley*, No. 10 Civ. 4797 (PAE), 2011 WL 6748386, at *5 (S.D.N.Y. Dec. 23, 2011) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007)).

Where the proposed amendment seeks to add parties, however, Rule 21 comes into play. It provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Although Rule 21 on its face might appear to countenance amendments not authorized by Rule 15 as construed, the case law teaches that, in determining whether the terms are "just" under Rule 21, courts should "apply 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'"  *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

As relevant here, "futility" under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion.  *Touchtunes Music Corp. v. Rowe Intern. Corp.*, 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)).  Put differently, a proposed amendment is futile if the amended pleading fails to state a claim upon which relief could be granted, and would thus not survive a motion to dismiss.

## III.   Discussion

In support of its motion to amend, Loftex argues that Trident Group "exercises control over the factories that are responsible for the manufacturing of the infringing towels and is responsible for the importation and sales of those towels in the United States."  Pl. Br. 1. Consistent with this, Loftex's proposed First Amended Complaint claims that "Trident Group . . . has infringed and continues to infringe the '308 Patent by making, using, selling and/or offering to sell, importing or allowing others to make, use, sell and/or offer for sale, or import . . .

3

products . . . made in accordance with and within the scope of one or more of the claims of the '308 Patent." Dkt. 21 Ex. A at 4. Loftex argues that it has acted expeditiously in seeking to add Trident Group and that no undue delay or complication would result from doing so. Pl. Br. 4. Finally, Loftex argues, its proposed First Amended Complaint validly pleads direct infringement by Trident Group such that it would survive a motion to dismiss, and thus is not "futile," Pl. Br. 4–5, even if its alternative theory that Trident Group is derivatively liable based on its control over Trident Limited were to fail. Pl. Reply Br. 1.

In opposing the motion, Trident argues that the motion fails to state a claim of patent infringement by Trident Group, *see* Fed. R. Civ. P. 12(b)(6), and thus is futile. Def. Br. 1. Specifically, Trident argues, Loftex has not pled facts that would permit a court to pierce the corporate veil and hold Trident Group liable for the actions of its subsidiary, Trident. *Id.* Trident argues: "Loftex's amended complaint falls far short of alleging that TGL has so abused the corporate form with respect to its relationship with Trident Limited that the Court should pierce the veil between the two to hold TGL liable for Trident Limited's judgment. It likewise wholly fails to allege that TGL has somehow perverted the corporate privilege by, for example, using its corporate body for its directors' personal ends or for the purpose of wrongfully avoiding liability." Def. Br. 6. Trident also argues that Loftex has failed to adequately allege direct or indirect infringement by Trident Group. Def. Br. 7.

### A.    Futility

Although the parties spar over whether Loftex has pled facts sufficient to justify piercing the corporate veil, the Court has no occasion to reach that question. That is because Loftex also alleges direct infringement of the '308 Patent by Trident Group, and that allegation is sufficient to state a claim. Specifically, Loftex alleges that Trident Group controls the factories that

manufacture the infringing towels and that it is involved in the importation of these towels. These allegations, which the Court must take as true at the pleading stage, are sufficient to support a claim of direct infringement.  For much the same reason, Loftex's claims of indirect infringement need not be evaluated on this motion, because Loftex's claims of direct infringement justify permitting Trident Group to be added as a defendant.

As the parties agree, claims of direct infringement are governed by the standard recently set out in *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012).  *See* Def. Br. 7; Pl. Reply Br. 1–2.  There, the Federal Circuit held that Official Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, which sets out a sample complaint for direct patent infringement, governs the pleading standards for a claim of direct patent infringement.  "Form 18 requires: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."  *In re Bill of Lading*, 681 F.3d at 1334 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

Loftex's proposed First Amended Complaint satisfies these required elements.  Trident argues that "there is no allegation by Loftex that TGL is making, selling, and using anything, let alone using the patented method or making towels by the patented method," Def. Br. 8.  But the language in Loftex's First Amended Complaint—"Upon information and belief, Defendant Trident Limited . . . has infringed and continues to infringe the '308 Patent by making, using, selling, and/or offering to sell, importing . . . products . . . made in accordance with and within the scope of one or more of the claims of the '308 Patent," Pl. Reply Br. 3–4—combined with

5

Loftex's claim that Trident Group "exercises control" over Trident's factories, suffices when measured against the third element of Form 18.  The Court need not determine here whether these claims would satisfy the more stringent standard of pleading, applicable to other civil litigation, of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Rather, "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control."  *In re Bill of Lading*, 681 F.3d at 1334.

Of course, it remains to be seen whether Loftex can substantiate its broad claims that Trident Group exercises control over Trident.  The Court expects that the parties will pursue this issue, among others, as discovery proceeds.  But, at this stage, because Loftex's claim of direct infringement satisfies the minimal requirements of Form 18, Loftex's proposed amendment to add Trident Group would not be futile.

### B.     Undue Delay or Prejudice

The other Rule 15 factors that may counsel against granting leave to amend are also absent here.  There is no argument that Loftex's proposed amendment reflects "bad faith" or "undue delay" on its part.  Quite the contrary, Loftex abided by the schedule proposed by the parties and set by the Court, *see* Dkt. 19, in filing its motion for leave to add Trident Group on July 23, 2012, within 60 days of that scheduling order.  Moreover, this litigation is still in its relatively early stages, with fact discovery set to close on February 14, 2013.  Accordingly, no undue prejudice to defendants would result from allowing Loftex to add Trident Group as a defendant.  Notably, defendants have not opposed the motion on any of these grounds.

## IV.    Conclusion

For the foregoing reasons, Loftex's motion for leave to amend its complaint to add Trident Group Limited as an additional defendant is granted. The Clerk of Court is directed to add Trident Group Limited as a defendant in this matter and to terminate the motion pending at docket number 20. Plaintiff is directed to file the First Amended Complaint as a separate docket entry no later than November 26, 2012.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: November 20, 2012
New York, New York

7